PEOPLE, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in a Prosecution for the Adulteration of Milk.

No. 1456.—Decided January 26, 1920.

APPEAL—EVIDENCE.—When the evidence is contradictory and the trial court adjusts the conflict against the defendant, the appellate court will not interfere with that finding unless it is alleged that it was due to passion, prejudice or partiality, or that there was manifest error.

ID.—ID.—VARIANCE—ADULTERATED MILK.—There is no variance between the information and the evidence because of the fact that it was alleged in the information that the defendant offered adulterated milk for sale while the evidence showed that he sold it, for it being alleged that he was the owner of the milk-stall and that he had adulterated milk for sale, it was impliedly alleged that he sold it, and this fact can be proved because it was the supposed purpose for which he had the milk in the milk-stall.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with offering adulterated milk for sale as pure milk and appealed from the judgment of conviction.

It is an uncontradicted fact that the milk was adulterated, but the appellant maintains that the court erred in weighing the evidence regarding whether or not he had it for sale.

According to two witnesses examined by the prosecution, the defendant was in his milk-stall filling a bottle from a pail of milk which he had for sale when the food inspector came in and told him not to sell it because he was going to inspect it, and made him empty it into a pail. The witnesses for the defense testified that in the milk-stall of the appellant there was only one bottle of milk which his daughter had bought in another milk-stall for the use of the family.

By the judgment of conviction the lower court adjusted the conflict in the evidence against the defendant, and as it is not alleged that the court was influenced by passion, prejudice or partiality or committed a manifest error, we cannot sustain the appeal on that ground.

The other error assigned is that the judgment is contrary to law because the evidence for the prosecution tends to show that the appellant sold the milk which was found to be adulterated, while the charge was that he offered the milk for sale, for which reason there is a variance between the charge and the evidence.

Aside from the fact that the witnesses examined by the district attorney did not say that the appellant was selling the milk, but that he was filling a bottle from a pail of milk which he had for sale in his milk-stall, nevertheless, admitting that it was proved that he sold the adulterated milk whereas he was charged with having it for sale, we see no variance because there is no doubt that if it is alleged that he was the owner of the milk-stall and that he had adulterated milk for sale, it is impliedly alleged that he sold it, and this fact can be proved because it was the supposed purpose for which he had the milk in the milk-stall.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.